IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                    ORDER

        Plaintiff,

                                          10-cv-165-bbc
                                          08-cr-152-bbc

    v.

TIMOTHY ROBINSON,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Timothy Robinson has filed a timely motion for post conviction relief under 28 U.S.C. § 2255, alleging that his attorney was ineffective for failing to file a notice of appeal and for failing to discuss a defense strategy with defendant or seek discovery or <u>Brady</u> materials. I conclude that defendant may have a viable claim of ineffectiveness based on his allegation that his attorney did not take an appeal after defendant requested he do so, but that he cannot go forward on his claim that his attorney was ineffective for not doing more investigating. He has not identified any information that his attorney would have discovered.

1

RECORD EVIDENCE

Defendant was charged in an indictment with three counts of possession, based on three controlled buys in which confidential informers called defendant and arranged to buy cocaine base from him.  He entered a plea of guilty to count one, charging him with intent to distribute more than 50 grams of cocaine base and was sentenced on March 12, 2009, to the mandatory minimum term of imprisonment of 10 years.  Judgment was entered on March 13, 2009.  He did not take an appeal from his conviction or his sentence.  He filed his post conviction motion on March 29, 2010.

In 2009, criminal defendants had ten days from the entry of judgment in which to file appeals from their convictions.  Weekends and holidays were not included in the calculation; defendant would have had until March 27, 2009 in which to appeal.

OPINION

Although defendant's motion was filed in this court two days after the time for filing had run, it is considered timely because he is in prison and has the benefit of the mailbox rule, which treats inmate documents as filed on the day that they are deposited in the institution's internal mail system.  Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).  Houston, 487 U.S. 270-71 ("Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers but only the

2

pro se prisoner is forced to do so by his situation.") Defendant signed his motion on March 22, 2010, five days before his time for filing had expired.

Defendant can proceed on his claim that he asked his attorney to appeal. The law is clear that counsel must file a notice of appeal if his or her client makes an express request for an appeal. Failure to do so is per se ineffectiveness. Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994). Thus, if defendant can show that he made it clear to his attorney that he wanted to appeal, his conviction will be vacated and reinstated so that he can file an appeal. Id. at 720.

If defendant cannot show that he gave his attorney explicit instructions to appeal or made an express request for an appeal, but can show that he did not tell his counsel not to appeal, he will have to prove both that counsel was constitutionally ineffective *and* that defendant was prejudiced by the ineffectiveness. Counsel would be ineffective if he failed to consult with defendant although he had reason to think that a rational defendant would want to appeal either because there were nonfrivolous grounds for appeal or for some other reason or if defendant had demonstrated his interest in appealing, but had not made the interest explicit. Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). If defendant can make this showing, he will then have to prove that "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484.

3

It seems unlikely that the issue of the appeal can be decided without an evidentiary hearing, but before scheduling one, I will give the government an opportunity to show cause why such a hearing is not required. If the government cannot make the showing, I will schedule an evidentiary hearing at which defendant will be present and I will have counsel appointed to represent him at the hearing.

Defendant's second allegation of ineffectiveness requires no evidentiary hearing because defendant has made only vague allegations without any factual support. When a defendant is alleging that his counsel failed to investigate a case, the defendant must provide "the court sufficiently precise information, that is, a comprehensive showing as to what the investigation would have produced." Hardamon v. United States, 319 F.3d 943, 951 (7th Cir. 2003) (internal quotations and citation omitted). Whether a defendant who pleaded guilty can establish prejudice from counsel's failure to investigate depends on whether the information that might have been discovered "would have led counsel to change his recommendation as to the plea." Hill v. Lockhart, 474 U.S. 52, 59 (1985). This is an objective analysis that requires an examination of what a reasonable person would do "without regard for the 'idiosyncrasies of the particular decisionmaker." Id. at 60 (quoting Strickland v. Washington, 466 U.S. 688, 695 (1984)),

Defendant has suggested nothing that further investigation would have revealed. It is highly questionable that additional discovery would have turned up any evidence to

4

undermine the eye witness testimony of the officers that watched the confidential informants purchase crack cocaine from defendant. It is not impossible, but in the absence of a showing by defendant, his mere allegation is not enough to proceed on.

ORDER

IT IS ORDERED that the government may have until April 27, 2010, in which to advise the court whether it has any grounds for opposing the scheduling of an evidentiary hearing on defendant Timothy Robinson's allegation that he asked his counsel to take an appeal of his conviction or sentence or both and that counsel failed to do so. If the government files an opposition brief, defendant may have until May 17, 2010 in which to respond to the government's argument. If the government does not object to a hearing, I will have counsel appointed to represent defendant and I will schedule an evidentiary hearing in consultation with the new counsel and Assistant United States Attorney Reinhart.

Entered this 6th day of April, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

5